**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AISHA D. WOODSON, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 1:17-CV-4943-ODE-JCF |
| : | |
| BEST BUY, : | |
| : | |
| Defendant. : | |

**FINAL REPORT AND RECOMMENDATION**

On December 6, 2017, Plaintiff sought leave to proceed *in forma pauperis* to bring this action alleging, *inter alia*, that Defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (*See* Doc. 1). The Court entered an Order on February 2, 2018 granting Plaintiff's application to proceed *in forma pauperis*, but directed Plaintiff to file an amended complaint, with a copy of her Charge of Discrimination filed with the EEOC attached, within 14 days so the Court could perform a review under 28 U.S.C. § 1915(e)(2)(B). (Doc. 2). Plaintiff failed to do so.

Therefore, by Order entered on February 22, 2018, Plaintiff was directed to comply with the Court's February 2nd Order and show cause why her complaint

1

should not be dismissed within 14 days from the date of entry of that Order (Doc. 5). Plaintiff filed her amended complaint on March 8, 2018 but failed to attach a copy of her EEOC Charge of Discrimination (Doc. 6).

By subsequent Order entered on April 16, 2018, Plaintiff was ordered to submit a statement to the Court of what date she received her Notice of Right to Sue letter from the EEOC and a copy of her EEOC Charge of Discrimination no later than May 14, 2018 (Doc. 7). Plaintiff was cautioned that failure to comply with the Court's Order would result in a recommendation to the District Court Judge that her complaint be dismissed. Plaintiff filed her second amended complaint on May 2, 2018 (Doc. 8).

By Order entered on October 9, 2018 (Doc. 9), this case was allowed to proceed to service on the defendant and Plaintiff was directed to complete and return the USM 285 form, summons, and initial disclosures form within 21 days. Plaintiff failed to do so. The Court entered an Order on November 6, 2018 directing Plaintiff to comply with the Court's October 9th Order by completing and returning the required service forms within 14 days. Plaintiff was further ordered to show cause within 14 days as to why her complaint should not be dismissed for her repeated failures to comply with the Court's Orders. Plaintiff was advised that

failure to comply with the Court's Order would result in a recommendation to the District Judge that her complaint be dismissed. (*See* Doc. 10). Plaintiff has failed to comply with the Court's Order in its entirety.

LR 41.3A(2), NDGa. authorizes dismissal of a civil action for want of prosecution "with or without notice to the parties" when "[a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case." FED. R. CIV. P. 41(b) provides that upon motion of a defendant, a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." And "[i]n addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). When the court dismisses an action with prejudice—whether on its own motion or on the motion of a defendant—however, it may do so "only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanction would not suffice." *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation omitted).

Plaintiff in this action has not complied with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Georgia by failing to comply with, most recently, two Orders of this court directing her to complete and return service forms.  In fact, Plaintiff has done nothing to pursue this action since filing her second complaint, despite the efforts of the Court to move this case forward.

The undersigned finds that Plaintiff has engaged in "a clear pattern of delay or willful contempt" and, given Plaintiff's complete failure to respond to the Court's Orders, "that lesser sanctions would not suffice," *Betty K Agencies*, 432 F.3d at 1337-38.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED, with prejudice**, pursuant to FED. R. CIV. P. 41(b), the Court's "inherent authority to dismiss an action for want of prosecution . . . when necessary to maintain the orderly administration of justice" and LR 41.3A(2), NDGa. for Plaintiff's failure to prosecute this action and for her repeated failures to comply with the rules and Orders of the court, even after she was warned that noncompliance could result in dismissal of her complaint.[1]  (*See* Docs. 9 and 10).

---

[1]There is no indication that any of the Orders or other materials sent to Plaintiff have been returned to the Clerk's Office.

The Clerk is directed to terminate the reference of the above-captioned case.

**IT IS SO REPORTED AND RECOMMENDED** this 27th day of November, 2018.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge